```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

BANK OF LOUISIANA, ET AL.,                         CIVIL ACTION

v.                                                 NO. 20-1697

FEDERAL DEPOSIT INSURANCE CORPORATION              SECTION "F"

ORDER AND REASONS

"*If at first you don't succeed, Try, try again.*"[1]

In a renewed quest to avail themselves of this Court's subject matter jurisdiction, that's precisely what the plaintiffs have done here.  Unfortunately for them, their repackaged allegations and inapposite Supreme Court developments notwithstanding, their present attempt fares no better than those of yesteryear.

In recognition of that reality, the defendant has dutifully brought another motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).  For the reasons that follow, the motion is GRANTED.

---

[1] THOMAS H. PALMER, THE TEACHER'S MANUAL (1840).

**Background**

The plaintiffs are the Bank of Louisiana and three individuals involved in the Bank's operations.  In the instant complaint, the plaintiffs make two demands for relief: first, they urge the Court to vacate an April 21, 2020 order of the FDIC Board requiring the Bank to cease and desist from a variety of questionable practices and to pay a civil penalty of $500,000; and second, they urge the Court to award them some $72,000,000 in a jury trial concerning an alleged enforcement "vendetta" on the part of the FDIC.

The defendant (the FDIC) moves to dismiss for lack of subject matter jurisdiction.  In its motion, it reacquaints the Court with its 2017 decision at a prior juncture of the parties' enforcement feud.  See Bank of La. v. FDIC, 2017 WL 3849340 (E.D. La. Jan. 13, 2017).  There, the Court dismissed the plaintiffs' similarly themed action for lack of subject matter jurisdiction because Congress had clearly limited the federal district courts' jurisdiction over claims such as the plaintiffs'.  The Fifth Circuit affirmed that decision and the Supreme Court denied certiorari.  See Bank of La. v. FDIC, 919 F.3d 916 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 227 (2019).

I.

The statutory regime applicable now is the same that applied then. See 12 U.S.C. § 1818. That regime provides "a detailed framework for [the FDIC's] regulatory enforcement and for orderly review of the various stages of enforcement." Groos Nat'l Bank v. Comptroller of Currency, 573 F.2d 889, 895 (5th Cir. 1978). In 2017, this Court determined that that regime precluded it from entertaining the plaintiffs' stand-alone[2] allegations of various constitutional violations arising from FDIC enforcement proceedings that are also – at least in part - at issue in this case. The Court did so because those allegations were so intertwined with the Fifth Circuit's congressionally mandated review of an FDIC enforcement proceeding as to foreclose this Court's consideration of them under Section 1818's "comprehensive system of judicial review." See Rhoades v. Casey, 196 F.3d 592, 597 (5th Cir. 1999).

---

[2]  The Bank separately petitioned the Fifth Circuit for review of the FDIC Board's "final order penalizing the Bank." Bank of La., 919 F.3d at 919. It has also done so this time around. The plaintiffs' direct appeals for Fifth Circuit review of the FDIC's enforcement proceedings are unquestionably proper under 12 U.S.C. § 1818(h)(2) and are not at issue here.

II.

In the time since, the FDIC has continued to aggressively regulate the Bank, and the federal courts have continued to conduct their affairs.  Following this Court's dismissal of the plaintiffs' earlier action, the Supreme Court decided Perry v. Merit Systems Protection Board.  137 S. Ct. 1975 (2017).  The plaintiffs base their opposition to the FDIC's present motion to dismiss entirely on that decision.

> Perry concerned
>
> the proper forum for judicial review when a federal employee complains of a serious adverse employment action taken against him, one falling within the compass of the Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. § 1101 *et seq.*, and attributes the action, in whole or in part, to bias based on race, gender, age, or disability, in violation of federal antidiscrimination laws.

Id. at 1979.  Observing the possibility that their complaint may also present a similar "mixed case" (i.e., one where the plaintiff complains of both an adverse administrative or regulatory action *and* separate constitutional or statutory violations), the plaintiffs urge the Court to extend Perry's presumptively helpful reasoning into the unrelated statutory domain of Section 1818.

While this argument is novel and even intriguing, it misapprehends the Court's role.  This is a federal case, not a law review symposium.  The Court is bound to apply the law, not invent

4

it. While the judicial review scheme applicable in Perry is conceivably analogous to that of Section 1818, Perry does not mention Section 1818 a single time. Thus, Perry is inapposite to the present case, and despite the plaintiffs' invitation to do so, the Court may not make apple juice out of oranges.

In 2017, this Court applied statutes and precedents that *do* have direct bearing on this dispute, and the Fifth Circuit affirmed its determination that it lacked subject matter jurisdiction. The plaintiffs' injection of new age discrimination and due process issues into a reframed complaint does not alter the jurisdictional analysis mandated by Section 1818, Free Enterprise Fund, and Thunder Basin. See Bank of La., 919 F.3d at 923.³ The Fifth Circuit thoroughly discussed and applied that analysis in the first iteration of this case, see id. at 923–30, and the circumstances here do not warrant this Court's departure from the binding determinations there.⁴

---

³   For the avoidance of doubt, the Court incorporates by reference the pertinent reasoning in its 2017 opinion and the Fifth Circuit's affirmance.

⁴   In subsequent review of a separate FDIC proceeding against the Bank, the Fifth Circuit reaffirmed this holding. See Bank of La. v. FDIC, 807 F. App'x 360 (5th Cir. 2020) (per curiam) ("Under the applicable statute, courts of appeals have *exclusive* jurisdiction over final orders issued by the FDIC Board. In fact, we have already so held in an earlier case involving these same parties. There, we stated that § 1818 'displays Congress' intent

5

\*   \*   \*

"As a court of limited jurisdiction, a federal court must affirmatively ascertain subject-matter jurisdiction before adjudicating a suit.  A district court should dismiss where it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." Id. at 922.  Such is the case here.  The alleged victims of serious constitutional and discriminatory abuses by the FDIC, the plaintiffs seek review of - and compensation for - adverse actions by the FDIC.  However, as previously observed by this Court and the Fifth Circuit, Congress has made a constitutional choice to assign review of those claims to the federal courts of appeals.

Contrary to the plaintiffs' suggestion, the potentially "mixed" nature of the plaintiffs' claims in this case do not foreclose meaningful judicial review of the FDIC's actions by the Fifth Circuit.  The legal status of ALJ McNeil and the potential improprieties of the FDIC's basing a slew of enforcement actions on age discrimination and a "vicious [personal] vendetta" may well

---

to preclude district court jurisdiction over claims against the FDIC arising out of enforcement proceedings.'" (citations omitted)).

be interesting to the Fifth Circuit in the course of its review,[5] but those issues are not this Court's to consider.

Accordingly, IT IS ORDERED: that the defendant's motion to dismiss is GRANTED.  The plaintiffs' claims against the FDIC are hereby DISMISSED without prejudice to the plaintiffs' ability to pursue them in the Fifth Circuit.

New Orleans, Louisiana, October 14, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[5] See Bank of La., 2017 WL 3849340, at *6 n.7 ("The Fifth Circuit has the authority to thoroughly consider the types of constitutional claims raised by the plaintiffs.  The manner in which the record is built may vary . . . from that of the district court.  This, however, does not compel a finding that the plaintiffs' claims would evade appropriate consideration and review.").